CONCURS IN PART, AND DISSENTS IN PART, SAYING:
 {¶ 34} I agree with the majority's overruling of Nationwide's cross-assignment of error. I disagree, however, with its overruling of Mr. Horner's assignment of error.
 {¶ 35} "[B]efore one policy `can ride as excess insurance, the other policy must be made to walk as primary insurance.'" Buckeye Union Ins.Co. v. State Auto. Mut. Ins. Co., 49 Ohio St. 2d 213, 216 (1977) (quoting State Farm Ins. Co. v. Home Indemnity Inc. Co.,23 Ohio St. 2d 45, 47 (1970)). Based on that obvious truth, the Ohio Supreme Court held that, when two insurers have issued policies covering the same loss containing clauses that purport to make their coverage excess over any other collectable insurance and there is no other policy that provides primary coverage for that loss, the excess clauses are "mutually repugnant," neither is effective, and both insurers cover the loss "in proportion to the amount of insurance provided by their respective policies." Id at syllabus, 215.
 {¶ 36} In this case, each of Nationwide's policies provided that the coverage provided by that policy for the loss at issue was "excess over any other collectible . . . insurance." Just as in Buckeye, there is no other policy that provides primary coverage for that loss. The only distinction between this case and Buckeye is that, while the policies inBuckeye were issued by two different insurers, the policies in this case were both issued by Nationwide. For purposes of the excess clauses, however, this is a distinction without a difference. The critical fact is that, *Page 14 
just as there was no primary policy for the policies in Buckeye to ride as excess, there is no primary policy for the policies in this case to ride as excess. Since both policies in this case cannot "appl[y] on an excess basis," neither can apply on an excess basis. Rather, each policy covers the loss "in proportion to the amount of insurance provided by [that policy]." Id. at syllabus.
 {¶ 37} The anti-stacking language in the Nationwide policies is only relevant when more than one Nationwide policy "applies on an excess basis to the same loss." Inasmuch as neither policy in this case "applies on an excess basis," the anti-stacking clause does not relieve Nationwide of its contractual duty to compensate Mr. Horner for his losses up to the combined coverage provided by both policies.
 {¶ 38} The majority has written that, unless the anti-stacking clause limits Mr. Horner's recovery in this case, the anti-stacking provisions "would almost never take effect." Maybe "almost never," but it is still effective in the circumstance covered by the unambiguous language chosen by Nationwide. When primary coverage for a loss is provided by one policy and excess coverage is otherwise available under two or more Nationwide policies, the anti-stacking clause will restrict the excess coverage to that provided by the Nationwide policy with the higher coverage limit. That is not the situation in this case. I would sustain Mr. Horner's assignment of error and reverse the trial court's judgment. *Page 1